IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOEL B. ROBINSON and          :
DENISE R. ROBINSON,           :
husband and wife,             :
                              :
          Plaintiffs,         :
                              :
     v.                       :
                              :
STEVENSON BROS. HARDWOOD      :
FLOORING, INC., a Delaware    :
corporation, JOSHUA STEVENSON,:
and MICHAEL STEVENSON,        :
                              :
          Defendants.         :

# C O M P L A I N T

COME NOW Plaintiffs Joel B. Robinson and his wife, Denise R. Robinson (Plaintiffs), by and through their attorneys, David A. Boswell, Esquire, and Schmittinger and Rodriguez, P.A., and hereby plead and state:

## PARTIES

1.    Plaintiffs Joel B. Robinson and Denise R. Robinson, his wife at all times relevant to this action, are residents at 31490 Coventry Drive, in the City of Lewes, Sussex County, State of Delaware.

2.    Defendant Stevenson Bros. Hardwood Flooring, Inc., is a Delaware corporation, conducting a hardwood flooring business primarily in Sussex County, State of Delaware, with business premises located at 1521 Savannah Road, Lewes, Delaware.

3.    Defendant Joshua Stevenson is an individual who was last known to reside at 107 Gosling Creek Road, Lewes, Sussex County, State of Delaware.

4.    Defendant Michael Stevenson is an individual who was last known to reside at 13203 Reynolds Road, Milton, Sussex County, State of Delaware.

## NATURE OF ACTION AND JURISDICTION

5.    Count I of this action arises under the federal Employee Retirement Income security Act of 1974 (ERISA), as amended, 29 U.S.C. §§ 1001 et seq., including without limitation 29 U.S.C. §§ 1109 and 1132 (a)(2) of such Act, and this Court has subject-matter jurisdiction pursuant to 29 U.S.C. § 1132(a)(1) (ERISA) and 28 U.S.C. § 1331 (federal question). Count II of this action, termination of employment in violation of the covenant of good faith and fair dealing and in violation of public policy, arises under the common law of the State of Delaware, and constitutes another claim or claims that are so related to the ERISA violation that they form part of the same case or controversy under Article III of the United States Constitution, and therefore are within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6.    All of the parties are in Delaware, and all of the acts or omissions complained of took place in Delaware, rendering venue appropriate under 28 U.S.C. § 1392(b) and (c).

## COUNT ONE

7.    Defendant Stevenson Bros. Hardwood Flooring, Inc. (Stevenson Bros.) is a corporation organized and existing under and

2

by virtue of the laws of the State of Delaware, with its principal place of business located at 1521 Savannah Road, City of Lewes, County of Sussex, State of Delaware.

8.   Defendant Stevenson Bros. provided health insurance to eligible employees through Coventry Health of Delaware, Inc., pursuant to its Coventry Health Insurance Plan.

9.   Defendant Stevenson Bros. is, and at all times material in this action has been, the administrator of the Coventry Health Insurance Plan (hereinafter referred to as "Plan") and a named fiduciary with regard to the Plan within the meaning of 29 U.S.C. § 1102(a).

10.   Defendants Joshua Stevenson and Michael Stevenson are and at all relevant times have been the sole or principal owners of the stock of, and officers of, Stevenson Bros.

11.   One or both of Defendants Joshua Stevenson and Michael Stevenson is, as a fiduciary, personally liable for losses resulting from a breach of fiduciary duty under 29 U.S.C. §§ 1109 and 1132.

12.   The above-mentioned Plan is an Employee Welfare Benefit Plan covered within the meaning of ERISA.  See 29 U.S.C. § 1002(1).

13.   One or both of Defendants Joshua Stevenson and Michael Stevenson is, and at all times material in this action has been, a fiduciary with regard to the Plan within the meaning of 29 U.S.C. § 1002(21), with fiduciary responsibilities towards Plan assets and the employees who are beneficiaries of the Plan.

3

14.  Plaintiff Joel Robinson was an employee of Defendant Stevenson Bros. for a period of years preceding January 2007.

15.  Plaintiffs Joel Robinson and his wife, Denise Robinson, obtained health insurance from Coventry Health of Delaware, Inc. (Coventry), through his employer, Stevenson Bros., through the aforementioned Plan.

16.  Plaintiffs are each a Plan "participant" within the meaning of 29 U.S.C. § 1002(9).

17.  Plaintiffs at all times material to this action have been participants of the Plan.

18.  At all relevant times, two or all of Defendants were jointly and directly responsible for turning over to Coventry the money that Defendants withheld from employees' paychecks for purposes of paying their health insurance premiums.

19.  Employee contributions become plan assets as of the earliest date on which such contributions can reasonably be segregated from the employer general assets, but in no event later than 90 days after the amounts are deducted by the employer.  See 29 C.F.R. 2510.3-102(a).

20.  At Defendants' direction, money was withheld from employees' paychecks which was never turned over to Coventry for payment of insurance premiums.  These contributions became Plan assets.

21.  Defendants did not pay money withheld from employees' paycheck for insurance premiums to Coventry.

4

22. Furthermore, pursuant to the Plan, Defendants were responsible for paying part of the insurance premium.

23. At Defendants' direction, Stevenson Bros. did not pay its part of the insurance premiums to Coventry.

24. Defendants withheld money from Plaintiff Joel Robinson's paychecks for payment of the Coventry premium for a family insurance plan. Such insurance was for both of Plaintiffs, Joel and Denise Robinson, and all of their children.

25. Defendants did not pay the money withheld from Joel Robinson's check to Coventry for payment of the insurance premium. Also, Defendants did not pay their share of the insurance premium to Coventry required under the Plan.

26. As a result, Defendants caused Plaintiffs' health insurance coverage to lapse.

27. Defendants fraudulently concealed their failure to pay the health insurance premiums of the Robinson family, and of their other employees and their families, such that the Robinsons and other employees were deceived into believing that they had health insurance, as the result of the continuing deduction of their portion of the premiums from their paychecks, and Defendants' wilful silence regarding their failure to tender the premiums to Coventry, or the cancellation of their employees' health insurance because of such failure.

28. In addition to being the parents of three other children, Plaintiffs were expecting a new child to be born in early 2007.

29.   Plaintiffs relied to their detriment on Defendants' promises to provide health insurance and administer the Plan, by foregoing other opportunities to obtain health insurance, at a time that such insurance was essential to Plaintiffs.

30.   Plaintiff Denise R. Robinson was admitted to the hospital on January 4, 2007.   Later that day, she gave birth to a newborn son, Vaughn Robinson.   Vaughn Robinson was also to have been covered under Plaintiffs' policy of health insurance that the Plan was supposed to pay for.

31.   Plaintiffs incurred substantial medical expenses before, during, and following the birth of their son.

32.   Only after these bills were rejected by Coventry and tendered to Plaintiffs for payment did Plaintiffs discover that their bargained-for health insurance had lapsed and been cancelled by Coventry due to Defendants' failure to pay the premiums, as alleged above.   On information and belief, such cancellation was effective on or about December 29, 2006.

33.   Plaintiff Joel Robinson approached Defendant Joshua Stevenson, who initially represented that he had paid the premiums, and that the health insurer must have made a mistake.   For some two months, Plaintiffs were falsely led by Defendant Joshua Robinson to believe that Coventry had made a mistake, and that it was to be corrected by Coventry, and their medical bills paid.

34.   Subsequently, in or about early March 2007, Defendant Joshua Stevenson admitted that he had let the insurance lapse, and

6

stated that he had sent Coventry a $10,000 check in an effort to cover the lapse and to get coverage reinstated.

35.   After Plaintiffs began receiving collection notices, Joel Robinson complained to Joshua Stevenson again on March 15, 2007, and indicated that he was considering retaining counsel at that time.   Because of Joel Robinson's complaints about Defendants' ERISA violations and failure to rectify them, Defendants fired him on or about March 16, 2007, while expressing reasons for his termination that were false or fraudulent and known by Defendants to be so.

36.   Because Defendants had already permitted Plaintiffs' health insurance to lapse, in addition to sustaining lost wages, Joel Robinson was deprived of the opportunity to obtain COBRA benefits upon the occurrence of this qualifying event, in violation of 29 U.S.C. § 1161(a).

37.   Defendants used plan assets for their benefit, and not the benefit of the beneficiaries.

38.   Defendants engaged in transactions prohibited by 29 U.S.C. § 1106 and otherwise.

39.   Plaintiff Joel Robinson made repeated demands for Defendants to pay his family's medical bills which were unpaid because of Defendants' actions.   On information and belief, some of those bills were paid by Defendants, but those payments stopped more than six months ago.

40.    Through the foregoing acts, Defendants breached their fiduciary duties owed to Plaintiffs under 29 U.S.C. § 1104, under Delaware law, and otherwise.

41.    As a direct and proximate result of the Stevenson Defendants' breach of their fiduciary duties, Plaintiffs did not have insurance and suffered special damages, namely unpaid medical bills in connection with the pregnancy, birth, delivery, and aftercare of Denise Robinson and their newborn son, Vaughn Robinson, believed to be in excess of $30,000.    Plaintiffs also believe that their credit rating has been damaged as a result of their unpaid medical bills.

42.    The Robinsons continue to receive collection notices on account of balances remaining due to Beebe Medical Center for $11,325.80 or more; to Beebe Physcans Network, Inc., for $165.00 or more; to Delaware Anesthesia Associates, for $650.00 or more; to Coventry Healthcare of Delaware, Inc., for $90.61 or more; and there may be other sums remaining due.

43.    Further demand appearing futile, Plaintiffs engaged counsel and have incurred attorneys' fees and costs as a result of Defendants' conduct and intransigence.

44.    Defendants owe Plaintiffs an accounting.

45.    Defendants promised to provide health insurance, with the intent that Plaintiffs rely on such promise; Plaintiffs reasonably relied on such promise to their detriment; Plaintiffs incurred damages as the result of such reliance; and injustice will result if Defendants' promises are not enforced, to the full extent of

Plaintiffs' losses. Pursuant to the doctrines of breach of contract, equitable estoppel, promissory estoppel, detrimental reliance, and otherwise, as an appropriate equitable remedy for Defendants' breach of fiducial duties and fraudulent concealment thereof, Defendants are obliged to pay the remainder of Plaintiffs' medical bills incurred after the lapse in Plaintiffs' insurance that Defendants caused, until such time Plaintiff Joel Robinson obtained employment elsewhere, and his family obtained full health insurance through such new employer, through the time required before such new health insurance would cover preexisting conditions. Defendants' conduct alleged above herein also constitutes equitable fraud.

46. Plaintiffs are causing a copy of this Complaint to be served by certified mail to the United States Secretary of Labor and the United States Secretary of the Treasury, as required by 29 U.S.C. § 1132(h).

## COUNT TWO

47. Plaintiff Joel Robinson's employment with Defendants was subject to a covenant of good faith and fair dealing (Covenant) incorporated into all Delaware employment contracts as a matter of law.

48. Defendants violated the Covenant and terminated Plaintiff Joel Robinson in bad faith, both because they used fraudulent or fictitious grounds for his termination -- alleging that he was submitting false time cards, when he did not, when they knew he did not, and when one or more other employees who kept the same hours

that he did were neither fired nor disciplined -- and because the true reason for his termination was his complaints about Defendants' ERISA violations alleged above herein.    Defendants' true reason for firing Plaintiff Joel Robinson is in violation of public policy.

49.  Plaintiff Joel Robinson lost his pay at the rate of approximately $660 per week, plus any overtime, and the value of his other employment compensation, until he obtained other employment; and sustained other consequential damages.

50.  On account of Defendants' wilful and bad faith termination, Plaintiff Joel Robinson lost his pay from the date of termination until he obtained other employment, sustained other financial damages, was unable to pay the medical bills related to the birth of his son, Vaughn, that were unpaid because of Defendants' ERISA violations, believes he sustained damage to his credit rating, and sustained emotional distress and mental anguish.

51.  By virtue of Defendants' wilful and grossly reckless conduct complained of above herein, their breaches of fiduciary duties, and bad faith termination of Plaintiff Joel Robinson, exemplary or punitive damages are appropriate under the laws of Delaware.

WHEREFORE Plaintiffs respectfully request that this honorable Court enter one or more orders in their favor, and against Defendants, jointly and severally, declaring that Defendants breached defendant's fiduciary duties with respect to the Plan, declaring that Defendants engaged in prohibited transactions with respect to the Plan, requiring Defendants to account for their dealings with Plan assets, enjoining Defendants from self-dealing in Plan assets or failing to use Plan assets for their intended purposes in the future, imposing equitable relief in order to protect Defendants' other employees from future improper dealings in Plan assets, whether by requiring Defendants to hire another person to administer Plan assets or otherwise, and by imposing a constructive trust on Defendants' assets or otherwise requiring Defendants to make Plaintiffs' whole, by:

A.    Restoring to Plaintiffs their losses in the amount of some $12,230, more or less, or such other amount as may be determined through discovery, plus pre- and post-judgment interest;

B.    Restoring to Plaintiff Joel Robinson his lost wages and other employment compensation lost through his unlawful termination, plus pre-and post-judgment interest, awarding him emotional distress and other general damages, and imposing punitive damages upon Defendants on account of their bad faith termination of Plaintiff Joel Robinson's employment;

C.    Paying Plaintiffs' reasonable attorneys' fees and costs in this action for both counts above, pursuant to 29 U.S.C.

§ 1132(g), and pursuant to <u>Brice v. State, Dep't of Correction</u>, 704 A.2d 1176 (Del. 1998) (en Banc), or otherwise;

    D.   Awarding Plaintiffs such other relief as is available in law or in equity.

SCHMITTINGER & RODRIGUEZ, P.A.

DATED: January 3, 2008    BY: _____
                           DAVID A. BOSWELL (3172)
                           Wachovia Bank Building
                           18489 Coastal Highway, 2nd Floor
                           Rehoboth Beach, DE  19971-9794
                           (302) 227-1400
                           Attorneys for Plaintiffs

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JOEL B. ROBINSON and DENISE R. ROBINSON, his wife | STEVENSON BROS. HARDWOOD FLOORING, INC., a Delaware corporation, JOSHUA STEVENSON, and MICHAEL STEVENSON |

(b) County of Residence of First Listed Plaintiff **Sussex County, DE**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Sussex County, DE**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) David A. Boswell, Attorney's (If Known)
Schmittinger & Rodriguez, P.A., Wachovia Bank Bldg.,
18489 Coastal Highway, Second Floor, Rehoboth Beach, DE 19971-9794, 302-227-1400

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / PERSONAL INJURY ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | SOCIAL SECURITY | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / PRISONER PETITIONS ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | | ☐ 530 General | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Section 1001 et seq. (ERISA)
Brief description of cause:
ERISA claims for breach of fiducial duties etc.; supplemental employment claims.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 12,320 plus lost wages, general damages,
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
equitable relief, punitive damages, atty. fees & costs
JUDGE _____ DOCKET NUMBER _____

DATE **January 3, 2008**

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# SCHMITTINGER AND RODRIGUEZ, P.A.

## LAWYERS

WACHOVIA BANK BUILDING
18489 COASTAL HIGHWAY, SECOND FLOOR
REHOBOTH BEACH, DELAWARE 19971-9794
TELEPHONE (302) 227-1400
TELECOPIER (302) 645-1843

REHOBOTH OFFICE
DAVID A. BOSWELL

STATEWIDE
NICHOLAS H. RODRIGUEZ
PAUL H. BOSWELL
JOHN J. SCHMITTINGER
DOUGLAS B. CATTS
WILLIAM D. FLETCHER, JR.
CRAIG T. ELIASSEN
WILLIAM W. PEPPER SR.
CRYSTAL L. CAREY*
SCOTT E. CHAMBERS*
FRED A. TOWNSEND III
NOEL E. PRIMOS
WALT F. SCHMITTINGER
R. SCOTT KAPPES
JEFFREY J CLARK
BETH B. MILLER
KYLE KEMMER
KATHRYN J. GARRISON
ERIN K. FITZGERALD
RYAN C. MEADOWS
B. BRIAN BRITTINGHAM
KRISTI N. VITOLA

*ALSO ADMITTED IN MARYLAND

HAROLD SCHMITTINGER
OF COUNSEL

DOVER OFFICE
414 SOUTH STATE STREET
P.O. BOX 497
DOVER, DELAWARE 19903-0497
TELEPHONE (302) 674-0140
TELECOPIER (302) 674-1830

NEWARK OFFICE
220 CONTINENTAL DRIVE
SUITE 203
NEWARK, DELAWARE 19713
TELEPHONE (302) 894-1960
TELECOPIER (302) 894-1965

ODESSA OFFICE
ODESSA PROFESSIONAL PARK
P.O. BOX 626
ODESSA, DELAWARE 19730-0626
TELEPHONE (302) 378-1697
TELECOPIER (302) 378-1659

January 3, 2008

Dr. Peter T. Dalleo, Clerk
U.S. District Court for
    the District of Delaware
844 N. King Street, Room 4209
Lock Box 18
Wilmington, DE 10980

> Re: Robinson v. Stevenson Bros. Hardwood Flooring, Inc., et
> al.                                          Our file 07-739R

Dear Dr. Dalleo:

Enclosed please find the original, two photocopies and an electronic copy in .pdf format of each of a Civil Cover Sheet, Complaint, and Summons in the above-referenced, new action, together with a $350.00 check for the filing fee.

Please docket these pleadings and return to me the completed summons and a clocked-in copy of the enclosed pleadings, along with the CM/ECF electronic docket information, in the enclosed, self-addressed, stamped envelope. Thank you for your kind assistance.

Sincerely yours,

DAVID A. BOSWELL

thh
Enclosures
cc: Joel and Denise Robinson (with copy of enclosures)



FILED
CLERK, U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2008 JAN 10  PM 1:33

*SS*

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 0 8 - 0 0 7 -*UNA*

*Robinson V. Stevenson Bros. Hardwood Flooring, Inc.*

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____1_____ COPIES OF AO FORM 85.

_____1/4/08_____
(Date forms issued)

_____
(Signature of Party or their Representative)

_David A. Boswell (Plaintiffs' Counsel)_
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action

*Please Return to Clerk's Office*

LAW OFFICES
**SCHMITTINGER & RODRIGUEZ**
**Professional Association**

Wachovia Bank Building
18489 Coastal Highway, 2nd Floor
Rehoboth Beach, Delaware 19971-9794



WILMINGTON DE 197
08 JAN 2008 PM 1 L



Clerk of the Court
United States District Court for the District of Delaware
844 North King Street, Room 4209
Lock Box 18
Wilmington, DE 19801